IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 9, 2002

## STATE OF TENNESSEE v. JOHNNY SHIELDS

**Direct Appeal from the Circuit Court for Madison County**
**No. 99-920     Donald H. Allen, Judge**

---

**No. W2001-01554-CCA-R3-CD  - Filed May 3, 2002**

---

The Appellant, Johnny Shields, was convicted of two counts of aggravated sexual battery, a class B felony, following a jury trial. The trial court sentenced Shields, as a Range I offender, to concurrent eleven year sentences in the Department of Correction. On appeal, Shields raises the following issues: (1) whether the evidence was sufficient to support the verdicts, and (2) whether his sentences were proper. After a review of the record, we affirm Shields' convictions but modify his sentences due to misapplication of enhancing and mitigating factors.

### Tenn. R. App. P. 3; Convictions Affirmed; Sentences Modified.

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Scott G. Kirk, Jackson, Tennessee, for the Appellant, Johnny Shields.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On August 29, 1999, KC,[1] then eleven years old, traveled with her family to Memphis to visit her step-father's family. Around five o'clock that evening, KC and her family returned to Jackson. Thereafter, KC went to sleep in her bedroom. During the night, she was awoken by a large number

---

[1]In order to protect the identity of minor victims of sexual abuse, it is the policy of this court to refer to the victims by their initials. *See State v. Schimpf*, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

of people entering her home. After she went back to sleep, she felt someone touch her hand. She jumped up and realized that her shirt was up exposing her breasts. At that point, KC saw the Appellant leaving her bedroom. She then got out of bed and went to sleep in her mother's bedroom with her sister.

After falling asleep again, she was awakened by David Cage and the Appellant entering the bedroom. David Cage then forced KC to have sexual intercourse with him.[2] The Appellant left the room during this incident. When he returned, he inserted his finger in KC's vagina. The victim testified that when the Appellant placed his finger inside her vagina, she was wearing panties and her "P.E. shorts." This second sexual battery occurred sometime after midnight. Later that night, KC told her mother what had happened. After the Appellant was confronted with allegations of sexual abuse, he immediately left the home and returned to Memphis.

Following the Appellant's arrest, he told Investigator Doris Jackson that KC "had a rather large breast to be such a young girl. As he went by, he touched her on the breast and then just left the room." At trial, Lee Cage, the Appellant's cousin, testified that the Appellant said to him that evening, "there was some teenage girls in the house and that he pinched – he pinched her breast and ran out."

The Appellant was indicted on November 29, 1999, for one count of child rape and one count of aggravated sexual battery. On February 2, 2001, he was convicted after a trial by jury of two counts of aggravated sexual battery and was later sentenced to concurrent terms of eleven years on each count. He then filed a motion for new trial, which was denied, and this timely appeal followed.

## ANALYSIS

### I. Sufficiency of the Evidence

The Appellant contends that the evidence was insufficient to convict him of two counts of aggravated sexual battery. A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Instead, the Appellant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994). Moreover, the State is entitled to the strongest legitimate view of the evidence and

---

[2]The record indicates that Cage was indicted for rape of a child and pled guilty to that offense.

all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). In *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990), this court held these rules applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence.

In the present case, the Appellant was convicted of two counts of aggravated sexual battery, a class B felony. Tenn. Code Ann. § 39-13-504 (1997). Tennessee Code Annotated § 39-13-504 (1997) makes it unlawful for a defendant to intentionally have sexual contact with a victim less than thirteen (13) years of age. Sexual contact is the intentional touching of the victim's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification. Tenn. Code Ann. § 39-13-501(6) (1997).

We, in turn, examine the Appellant's two encounters with the victim to determine whether the evidence was sufficient to support his convictions for two counts of aggravated sexual battery. The victim testified that she was awakened by someone touching her hand. Investigator Jackson and Lee Cage testified that the Appellant admitted touching the victim's breast. The victim testified that later that same night, the Appellant inserted his finger into her vagina. While the jury did not find penetration in this instance, it obviously accredited the testimony of the victim that the Appellant did have sexual contact with her intimate parts or a touching of the clothing covering her intimate parts. We reject the Appellant's invitation to revisit questions of witness credibility or to weigh the evidence produced at trial. *See Cabbage*, 571 S.W.2d at 835. The proof at trial is more than sufficient for a reasonable jury to have found the necessary elements for the offenses of aggravated sexual battery beyond a reasonable doubt. Tenn. R. App. P. 13(e). This issue is without merit.

## II. Sentencing

The Appellant next argues that "he should have received the minimum sentence on each count of eight (8) years," rather than eleven (11) years on each count as imposed by the trial court. When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. Furthermore, when conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, -210 (1997); *Ashby*, 823 S.W.2d at 168.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, where the trial court fails to comply with the statutory provisions of sentencing, appellate review is *de novo* without a presumption of correctness. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)). In this case, our review is *de novo* without a presumption of correctness based upon misapplication of sentencing enhancing and mitigating factors. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *Id.*

As a Range I offender, the sentencing range for aggravated sexual battery is eight (8) to twelve (12) years. Tenn. Code Ann. § 40-35-112(a)(2) (1997). The presumptive sentence for a class B felony "shall be the minimum sentence if there are no enhancement or mitigating factors." Tenn. Code Ann. § 40-35-210(c) (2001). The trial court found three enhancement factors to apply in this case: (1) The Appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (8) The Appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community; and (15) The Appellant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense. Tenn. Code Ann. § 40-35-114(1),(8), (15) (1997). The trial court also applied one mitigating factor: (1) The Appellant's criminal conduct neither caused nor threatened serious bodily injury. Tenn Code Ann. § 40-35-113(1) (1997).

The Appellant first contends that enhancement factor (1) was misapplied. The record reflects that the Appellant's criminal history includes convictions for Driving Under the Influence of an Intoxicant, Driving While Impaired, and Obstructing a Highway. Thus, the trial court properly considered the Appellant's prior criminal history under enhancement factor (1).

Second, the Appellant submits that enhancement factor (8), that the Appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, should not have been applied. On April 17, 1983, the Appellant was convicted of Driving Under the Influence and received a sentence of eleven (11) months and twenty-nine (29) days. Later in that same year, the Appellant was arrested twice for robbery and once for burglary. The presentence report showed that the charges were "purged" or "held to State, no indictment found." Because no convictions were shown for these charges, there is no evidence that the Appellant violated any conditions of release. Accordingly in the absence of proof, we conclude that enhancement factor (8) should not have been applied.

The Appellant next challenges the trial court's finding that the Appellant abused a position of public or private trust, enhancement factor (15). The Appellant, who lived in Shelby County, was

a casual visitor in a house in which the victim, her mother, and the mother's fiancé resided. He was the cousin of the mother's fiancé. The victim testified that she had never met the Appellant before this occasion. No proof suggests that he visited frequently or that the victim or other children at the home were placed in his care. Indeed, on the evening the two sexual assaults occurred, the victim's mother and the mother's fiancé were in nearby rooms of the home. Nothing in the record demonstrates that the Appellant occupied any relationship to the victim that promoted confidence, reliability, or faith in him. *See State v. Gutierrez*, 5 S.W.3d 641, 646 (Tenn. 1999); *State v. Kissinger*, 922 S.W.2d 482, 489 (Tenn. 1996). "The fact that an offender is older than the victim or that the offender is an adult and the victim is a child is insufficient without more to establish a position of trust." *Kissinger*, 922 S.W.2d at 489. As such, we conclude that enhancement factor (15) should not have been used to enhance the Appellant's sentence.

Finally, the Appellant argues that the trial court erred by not giving more weight to mitigating factor (1). The trial court, applying mitigating factor (1), found that the Appellant's conduct did not cause or threaten serious bodily harm. We disagree and are compelled to note that every sexual offense is physically and mentally injurious to the victim. *Kissinger*, 922 S.W.2d at 487. It is difficult to conceive of any factual situation where the sexual abuse of a child would not *threaten* serious bodily injury. Notwithstanding this fact, serious bodily injury as defined by the statute includes an injury that involves "extreme physical pain; . . . or substantial impairment of a . . . mental facility." Tenn. Code Ann. § 39-11-106(a)(34) (1997). Clearly, the fact that the victim was sexually abused at age eleven necessarily includes a threat of mental impairment. The record reflects that the victim underwent extended counseling. Accordingly, we find mitigating factor (1) is inapplicable in this case.

Upon *de novo* review, we conclude that enhancement factor (1) is present. In the case of error, this court has the authority to modify the sentence pursuant to Tennessee Code Annotated § 40-35-401(c)(2) (1997). *Gutierrez*, 5 S.W.3d at 646. Where enhancement factors are present, but no mitigating factors, "then the court may set the sentence above the minimum in that range but still within the range." Tenn. Code Ann. § 40-35-210(d) (2001). Accordingly, the record supports the decision to enhance the Appellant's sentence beyond the minimum of the range. We conclude that a sentence of nine years on each count of aggravated sexual battery is appropriate.

## CONCLUSION

Based upon the foregoing, we conclude that the Appellant's convictions for two counts of aggravated sexual battery were proper. In regard to the sentencing issue, we find that the trial court erred in imposing an eleven-year sentence for each count of aggravated sexual battery. Accordingly, the judgment of conviction is modified to reflect concurrent sentences of nine years on each count. This case is remanded for entry of a judgment consistent with this opinion.

_____
DAVID G. HAYES, JUDGE

-5-